**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 05 B 54618 |
| ) | Chapter 7 |
| JEFFERY ECKERT, ) | Judge John H. Squires |
| ) | |
| Debtor. ) | |
| ) | |
| DAVID E. GROCHOCINSKI, CHAPTER ) | Adversary No. 06 A 01845 |
| 7 TRUSTEE; GREGORY STEINER; and ) | |
| AGRISTAR FROZEN FOODS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFERY ECKERT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on the amended complaint of David E. Grochocinski, the Chapter 7 case trustee (the "Trustee"), Gregory Steiner, and AgriStar Frozen Foods, Inc. (collectively the "Plaintiffs") to revoke the discharge of Jeffery Eckert (the "Debtor") pursuant to 11 U.S.C. §§ 727(d)(1), (3), and (a)(6). For the reasons set forth herein, the Court grants, in part, the relief requested by the Plaintiffs and revokes the Debtor's discharge under §§ 727(d)(3), (a)(6)(A), and (a)(6)(C).

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J), and (O).

## II. FACTS AND BACKGROUND

Most of the facts and background are undisputed. The Debtor filed a Chapter 7 bankruptcy petition on October 14, 2005. Thereafter, the Trustee was appointed. The other Plaintiffs, Gregory Steiner and AgriStar Frozen Foods, Inc., are creditors of the Debtor. During the course of the case, the Plaintiffs engaged in extensive discovery under Federal Rule of Bankruptcy Procedure 2004 into the matters concerning the Debtor's estate and the Debtor's activities leading up to and throughout his bankruptcy case.

On February 22, 2006, incidental to discovery, the Debtor was served with a Bankruptcy Rule 2004 subpoena directing him to attend an oral examination and to produce certain requested documents. (Plaintiffs' Ex. No. 1.) The Debtor, however, repeatedly failed to appear for his deposition and produce the requested documents in full. (Plaintiffs' Ex. No. 14, Debtor's Dep. at 9:7-11:13.) On May 5, 2006, the Court entered an order (the "May 5, 2006 Order") compelling the Debtor to produce all documents responsive to the subpoena in his possession, custody, or control, and to appear for his deposition no later than May 19, 2006. (Plaintiffs' Ex. No. 4.) The Debtor finally appeared and was deposed on May 30, 2006. (Plaintiffs' Ex. No. 14.) During that examination, he failed to answer material questions directly relating to the ongoing investigation. (*Id.* at 89:5-90:1; 91:22-92:9; 93:3-

-3-

20; 96:11-98:3; 149:9-19; 168:7-169:6; 169:14-19; 176:20-177:9.) In refusing to answer the questions, the Debtor did not invoke his privilege against self-incrimination or any other privilege. (*Id.*) The questions the Debtor refused to answer were material in that they went directly to the issue of the Debtor's transfer of certain assets of the estate into an unapproved, post-petition real estate purchase. (*Id.*) The Debtor also failed to produce all documents requested in the subpoena. (*Id*; Plaintiffs' Ex. No. 1.)

As a result, on August 31, 2006, the Court sanctioned the Debtor and entered an order (the "August 31, 2006 Order") compelling him to produce all relevant documents, appear for a continued deposition to answer the questions he previously refused to answer at the May 30, 2006 examination, and pay a $3,000 sanction for his misconduct. (Plaintiffs' Ex. No. 3.) To date, the Debtor has not complied with the August 31, 2006 Order, and has neither completed document production nor paid the $3,000 sanction. (Plaintiffs' Ex. Nos. 5-7.)

In November 2006, the Debtor and special counsel for the Trustee engaged in negotiations regarding the Debtor's possible waiver of his discharge in the bankruptcy case. (Plaintiffs' Ex. Nos. 9-11.) The Debtor's correspondence to the Trustee's counsel indicated that he would waive the discharge. (Plaintiffs' Ex. No. 9.) The Trustee's counsel prepared an affidavit for the Debtor's signature in connection with the proposed waiver. (Plaintiffs' Ex. No. 8.) The Debtor repeatedly stalled the Trustee in his investigation and never signed the affidavit to waive his discharge. (Plaintiffs' Ex. No. 11.) On December 11, 2006, the Clerk of the Bankruptcy Court entered a Chapter 7 discharge for the Debtor under 11 U.S.C. § 727(a) because no objection to discharge had been filed. (Plaintiffs' Ex. No. 12.)

-4-

Shortly thereafter, the Debtor's wife, Christine Zaretsky, filed a Chapter 13 petition on January 2, 2007, which she later voluntarily dismissed. The Debtor paid in excess of $1,000 in attorneys' fees in connection with his wife's Chapter 13 case, notwithstanding the $3,000 sanctions judgment against him which remains outstanding.

In connection with her bankruptcy case, Christine Zaretsky filed a copy of a lease for property located at 371 Edgemont Lane, Park Ridge, Illinois, which the Debtor had previously repeatedly refused to produce at the Trustee's request. (Plaintiffs' Ex. No. 13.) That document revealed that the Debtor had entered into the lease on October 16, 2006–after his bankruptcy case had been filed but prior to the grant of his discharge–without informing the Trustee or seeking his approval to enter into the agreement. (*Id.*) Pursuant to the lease, the Debtor was to execute an option to purchase the property. (*Id.*) The Trustee did not uncover the details of this financial arrangement until after the Debtor was granted a discharge.

The Plaintiffs filed the instant adversary proceeding to revoke the Debtor's discharge on December 15, 2006. Count I of the complaint alleges, among other things, that the Debtor engaged in fraud by transferring and concealing his assets in the names of others as nominees, and some of the fraud was not uncovered until after the grant of discharge. The Plaintiffs seek to revoke the Debtor's discharge under 11 U.S.C. § 727(d)(1). Additionally, Count II of the complaint alleges that the Debtor has refused to obey lawful orders of the Court and to testify and provide answers to material questions. The Plaintiffs seek to revoke the Debtor's discharge pursuant to 11 U.S.C. §§ 727(d)(3) and (a)(6). An amended complaint was filed on March 2, 2007, which incorporates additional facts into Count I.

-5-

On July 27, 2007, in connection with the trial in this matter, the Court entered its Final Pretrial Order. The Order was mailed to counsel of record and the Debtor at his address of record. Trial was set for September 7, 2007. The Final Pretrial Order required advanced submission of exhibits, witness lists, and summaries of testimony fourteen days before the trial was scheduled to begin. Proposed findings of fact and conclusions of law, memorandum of authority, and any objections to witnesses or exhibits were due seven days prior to the trial date. The Order expressly provided specific sanctions for failure to comply. The Court could preclude exhibits if a party failed to exchange and file copies of all exhibits with the Court, bar presentment of witnesses a party did not endorse on the witness list, and bind a party to the findings of fact and conclusions of law properly filed by the opposing party if a party failed to file proposed findings of fact and conclusions of law.

The Plaintiffs fully and timely complied with the Final Pretrial Order. The Debtor, on the other hand, failed to comply with any portion of that Order. Accordingly, at the trial, the Court admitted all of the Plaintiffs' exhibits into evidence, adopted most of their proposed findings of fact and conclusions of law, and barred the Debtor from testifying or adducing any testimony in support of his defense. *See Dornik v. Maurice (In re Maurice)*, 138 B.R. 890, 893-94 (Bankr. N.D. Ill. 1992), *aff'd*, No. 92 C 4043, 1992 WL 308535 (N.D. Ill. Oct. 19, 1992), *aff'd*, 21 F.3d 767 (7th Cir 1994). The Court stated at the conclusion of the trial that it would grant the Plaintiffs' requested relief and revoke the Debtor's discharge under §§ 727(d)(3) and (a)(6)(A) and (a)(6)(C). This Opinion serves as the Court's written ruling.

## III. DISCUSSION

**A.     Standards for Revocation of Discharge**

"Revocation of a discharge is a harsh measure and runs contrary to the general policy of the Bankruptcy Code of giving Chapter 7 debtors a 'fresh start.'" *State Bank of India v. Kaliana (In re Kaliana)*, 202 B.R. 600, 603 (Bankr. N.D. Ill. 1996). Thus, the revocation of a discharge will be construed strictly against the objecting party and in favor of the debtor. *Id.*; *Humphreys v. Stedham (In re Stedham)*, 327 B.R. 889, 897 (Bankr. W.D. Tenn. 2005); *Olsen v. Reese (In re Reese)*, 203 B.R. 425, 430 (Bankr. N.D. Ill. 1997). The party seeking to revoke the discharge bears the burden of proof. *In re Yonikus*, 974 F.2d 901, 904 (7th Cir. 1992); *Keeffe v. Natalie*, 337 B.R. 11, 14 (N.D. N.Y. 2006), *aff'd*, 222 Fed. Appx. 97 (2d Cir. 2007); *Kaliana*, 202 B.R. at 603; *W. Suburban Bank of Darien v. Arianoutsos (In re Arianoutsos)*, 116 B.R. 116, 118 (Bankr. N.D. Ill. 1990). The proper burden of proof for objections to discharge under § 727(d) is a preponderance of the evidence. *Bowman v. Belt Valley Bank (In re Bowman)*, 173 B.R. 922, 925 (B.A.P. 9th Cir. 1994); *Keeffe*, 337 B.R. at 14; *Stedham*, 327 B.R. at 897; *Rezin v. Barr (In re Barr)*, 207 B.R. 160, 165 (Bankr. N.D. Ill. 1997); *Kaliana*, 202 B.R. at 603-04.

**B.     Count I of the Amended Complaint–11 U.S.C. § 727(d)(1)**

Pursuant to Count I of the amended complaint, the Plaintiffs seek to revoke the Debtor's discharge under § 727(d)(1). Section 727(d)(1) provides in relevant part as follows:

> (d) On request of the trustee, a creditor . . . and after notice and a hearing, the court shall revoke a discharge granted . . . if–

> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

11 U.S.C. § 727(d)(1).

The moving party must prove two elements to warrant revocation of a discharge under § 727(d)(1): (1) that the discharge was obtained through fraud; and (2) that the moving party lacked knowledge of such fraud until after the discharge was granted. *Zedan v. Habash (In re Habash)*, 360 B.R. 775, 778 (N.D. Ill. 2007); *Swartz v. Spears (In re Spears)*, 291 B.R. 825, 828 (Bankr. C.D. Ill. 2003); *Barr*, 207 B.R. at 165; *Kaliana*, 202 B.R. at 604. Fraud for purposes of § 727(d)(1) means fraud in fact. *Barr*, 207 B.R. at 165; *Kaliana*, 202 B.R. at 604; *Schechter v. McAniff (In re McAniff)*, Bankr. No. 02 B 38990, Adv. Nos. 03 A 4407 & 03 A 4408, 2004 WL 1146699, at *4 (Bankr. N.D. Ill. May 21, 2004). In other words, the objector must show that the debtor acted with an intent to deceive. *Spears*, 291 B.R. at 828; *Barr*, 207 B.R. at 165; *Kaliana*, 202 B.R. at 604; *McAniff*, 2004 WL 1146699, at *4.

According to the Plaintiffs, the Debtor engaged in fraud by transferring and concealing his assets in the names and hands of others. They contend that they did not learn of the Debtor's attempted dissipation of estate assets until January of 2007, after the grant of discharge. The Plaintiffs also assert that the Debtor's "feigned" cooperation with the possible waiver of his discharge constitutes fraud and should result in the revocation of his discharge under § 727(d)(1). The Court rejects these assertions. The Court finds that the Plaintiffs failed to demonstrate on this record that the Debtor dissipated his bankruptcy estate

-8-

by channeling pre-petition assets into the property located in Park Ridge, Illinois, or that he transferred or concealed his pre-petition assets in the names and hands of others.

Moreover, the Court finds that the Plaintiffs did not produce any evidence to show that the Debtor's failure to sign the affidavit waiving his discharge was done with a fraudulent intent. While the Debtor's actions may have slowed the Trustee's investigation into the Debtor's alleged dissipation of estate assets, the Plaintiffs have failed to prove that the Debtor's refusal to waive his discharge was tantamount to fraud sufficient to revoke his discharge under § 727(d)(1). Rather, the Debtor may have changed his mind at the last minute and decided not to waive his discharge. A decision not to waive a discharge is not fraudulent in itself. Much more is required to prove a discharge was obtained by fraud. Accordingly, the Court declines to revoke the Debtor's discharge under § 727(d)(1).

C.   **Count II of the Amended Complaint–11 U.S.C. §§ 727(d)(3) and (a)(6)**

Pursuant to Count II of the amended complaint, the Plaintiffs seek to revoke the Debtor's discharge under §§ 727(d)(3) and (a)(6). The Plaintiffs allege that the Debtor refused to obey lawful orders of the Court directing the Debtor to respond to all material questions and produce all requested documents. Section 727(d)(3) of the Code provides in pertinent part:

> (d)  On request of the trustee, a creditor . . . and after notice and a hearing, the court shall revoke a discharge granted . . . if–
> (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Section 727(a)(6), in turn, provides as follows:

-9-

> (a) The court shall grant the debtor a discharge, unless–
>> (6) the debtor has refused, in the case–
>>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;
>>> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
>>> (C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify[.]

11 U.S.C. § 727(a)(6).

Section 727(d)(3) ensures that the bankruptcy estate and the creditors will remain protected if the debtor receives a discharge but later refuses to obey a court order. *Jordan v. Smith*, 356 B.R. 656, 659 (E.D. Va. 2006); *Marcus v. Jeffries (In re Jeffries)*, 356 B.R. 661, 667 (Bankr. E.D. Va. 2006). Section 727(a)(6), which is referenced in § 727(d)(3), provides for revocation of a debtor's discharge if the debtor has "refused" to obey a lawful court order. 11 U.S.C. § 727(a)(6)(A). "Effective administration of bankruptcy cases requires debtors to comply completely with lawful orders of the Court entered in their cases." *DuBois v. Faber (In re Faber)*, 330 B.R. 235, 240 (Bankr. N.D. Ind. 2005). The movant has the burden to prove a debtor "refused" to obey a lawful order of the court. *Damon v. Chadwick (In re Chadwick)*, 335 B.R. 694, 703 (W.D. Wis. 2005); *Faber*, 330 B.R. at 239.

-10-

Courts have diverged on the issue of whether the statutory word "refused" requires an element of willfulness or intent. *Jordan*, 356 B.R. at 659. The term "refused" is not defined in the Bankruptcy Code. *Gillman v. Green (In re Green)*, 335 B.R. 181, 183 (Bankr. D. Utah 2005). The majority of courts have found the word "refused" requires the showing of a willful or intentional act as opposed to a mistake or the inability to comply. *Jordan*, 356 B.R. at 659-60 (collecting cases); *Mo. ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 709, 716 (Bankr. W.D. Mo. 2006); *Green*, 335 B.R. at 183-84; *In re Harmon*, 324 B.R. 383, 388 (Bankr. M.D. Fla. 2005); *Jeffrey M. Goldberg & Assocs., Ltd. v. Holstein (In re Holstein)*, 272 B.R. 463, 480 (Bankr. N.D. Ill. 2001). The word "refused," as used in § 727(a)(6)(A), must be distinguished from the word "failed," which is used elsewhere in § 727(a). *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 329 (Bankr. N.D. Ohio 2006), *aff'd*, 356 B.R. 786 (B.A.P. 6th Cir. 2007). "As a consequence, the mere failure of a debtor to obey a court's order, without more, is insufficient to deny or revoke a debtor's bankruptcy discharge." *Taunt v. Patrick (In re Patrick)*, 290 B.R. 306, 313 (Bankr. E.D. Mich. 2003) (internal quotation omitted).

The Court joins the majority view and holds that a party seeking the revocation of a discharge under § 727(d)(3) must establish that the debtor willfully and intentionally refused to obey a court order. Accordingly, the movant must show more than just a failure to obey a court's order that results from inadvertence, mistake, or inability to comply; he must demonstrate some degree of willfulness on the part of the debtor. *Jordan*, 356 B.R. at 660. A party may meet his burden by showing the debtor received the order in question and failed to comply with its terms. *Id.* Such a showing imposes upon the debtor an obligation to

explain noncompliance. *Foster*, 335 B.R. at 716. A debtor cannot claim inadvertence or mistake "[i]f the evidence establishes that the debtor knew or should have known of the multitude of orders and notices sent to [him] and disregarded them. . . ." *Solomon v. Barman (In re Barman)*, 237 B.R. 342, 349 (Bankr. E.D. Mich. 1999) (internal quotation omitted).

The Court finds that the Plaintiffs have shown that the Debtor has a disparaging pattern of refusing to comply with lawful orders of the Court. The Debtor was well aware of the May 5, 2006 Order and the August 31, 2006 Order. Indeed, the Debtor does not deny knowledge or receipt of those Orders. Nevertheless, he has refused to pay the $3,000 sanction and refused to produce all of the documents requested in the Bankruptcy Rule 2004 subpoena. Furthermore, the Debtor has refused to testify and respond to material questions concerning the disposition of property of the estate. The Debtor's refusal to testify on certain topics pertinent to the dissipation of estate assets was done without invoking the privilege against self-incrimination and in violation of the May 5, 2006 Order and the August 31, 2006 Order.

The Court further finds that the Debtor willfully and intentionally refused to obey the May 5, 2006 Order and the August 31, 2006 Order. The Debtor's refusal to pay the $3,000 sanction entered by the Court pursuant to the August 31, 2006 Order constitutes grounds for the revocation of the Debtor's discharge under §§ 727(d)(3) and (a)(6)(A). Instead of paying the sanction, the Debtor helped finance the cost of his wife's bankruptcy case. In addition, the Debtor's refusal and repeated failure to provide all documents requested in the Bankruptcy Rule 2004 subpoena in direct violation of the Court's May 5, 2006 Order and August 31, 2006 Order constitutes grounds for the revocation of his discharge pursuant to §§ 727(d)(3) and (a)(6)(A). Moreover, the Debtor's refusal to testify and respond to material questions

-12-

concerning disposition of property of the bankruptcy estate during his May 30, 2006 deposition constitutes grounds for revocation of the Debtor's discharge under §§ 727(d)(3) and (a)(6)(C). The Debtor refused to testify on certain topics directly pertinent to the investigation into his alleged dissipation of the bankruptcy estate. The Debtor did not invoke the privilege against self-incrimination. The Debtor's failure to testify and respond to the questions is in direct violation of the Court's May 5, 2006 Order. Therefore, the Court grants the Plaintiffs' request to revoke the Debtor's discharge under §§ 727(d)(3), (a)(6)(A), and (a)(6)(C).

## IV. CONCLUSION

For the foregoing reasons, the Court grants, in part, the relief requested by the Plaintiffs and revokes the Debtor's discharge pursuant to §§ 727(d)(3), (a)(6)(A), and (a)(6)(C).

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: 9/24/7

John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Grochocinski et al v. Eckert
Adversary No. 06 A 01845

Neal H. Levin, Esq.
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Il 60606

Jeffrey Eckert
371 W. Edgemont Lane
Park Ridge, IL 60068

David E. Grochocinski, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Jeffrey Eckert
1073 Union Court
Bartlett, IL 60103

William T. Neary, United States Trustee
227 W. Monroe Street
Suite 3350
Chicago, IL 60606